IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH CASTILLO, an individual, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 5:22-cv-00301-FB |
| RAFAEL PAREDES SANCHEZ AND PATRICIA OLGA VALDEZ, individuals, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' MOTION TO DISMISS

RAFAEL PAREDES SANCHEZ and PATRICIA OLGA VALDEZ, ("DEFENDANTS") moves for the dismissal of the Complaint in this case pursuant to Rules 12(b)(1) and 12(b)(6) for the reasons set forth below.

### PRELIMINARY STATEMENT COMMON TO ALL POINTS

Joseph Castillo ("Castillo") claims to be a disabled ADA "tester" who wants to "utilize ADA litigation to make his home community more accessible for Plaintiff and others."[1] It is clear since the Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L. C.*, 996 F.3d 269 (5th Cir. 2021) that testers like Mr. Castillo do not have standing to sue because his interest in enforcing the ADA for the public good is not the kind of personal interest that can give rise to a concrete injury sufficient to satisfy Article III of the Constitution. Mr. Castillo has not plausibly alleged any other injury and his Complaint therefore fails to allege either subject matter jurisdiction or a cause of action under the ADA. Mr. Castillo

---

[1] Complaint at ¶7.

has also failed to allege that removal of the alleged architectural barriers is "readily achievable," another reason his Complaint fails to state a claim on which relief might be granted.

As a further preliminary point, Defendant request the Court to take judicial notice pursuant to Rule 201 Federal Rules of Evidence in considering whether the Plaintiff has standing. Between February and July, 2022, Plaintiff filed four lawsuits (in addition to the instant case) seeking injunctive relief as a "tester" under the Americans with Disabilities Act 42 U.S.C. § 12181:

a) In *Castillo v. Safaiz*, 5:22-cv-00174, (filed 2/24/22), Plaintiff alleged that he was prevented from shopping at a convenience store at 1601 N. Zarzamora, San Antonio, Texas because of alleged ADA non-compliance.

b) In *Castillo v. Sanchez*, 5:22-cv-00301 (filed 3/28/22, the instant case), Plaintiff alleged that he was prevented from shopping at a shopping center at 1407 Bandera Road, San Antonio, Texas because of alleged ADA non-compliance.

c) In *Castillo v. Gaumnitz*. 5:22-cv-00595, (filed 6/5/22), Plaintiff alleged that he was prevented from shopping at a Chevron Gas & FoodMark located at 5214 Callaghan Road, San Antonio, Texas because of alleged ADA non-compliance.

d) In *Castillo v. Mowood, L.P.*, 5:22-cv-00772 (filed 7/19/22), Plaintiff alleged that he was prevented from shopping at On Your 6 Design Store located at 5417 Jackwood Drive, San Antonio, Texas because of alleged ADA non-compliance.

From these four cases, the following observations/fact are noted.

1. **We do not know where the Plaintiff lives**.

Plaintiff asserts the he lives within 30 miles of each of these locations. However, Plaintiff never discloses where he lives except that he resides in San Antonio, Texas.

2. **Income and Expenses**

In every case, Plaintiff filed a Motion to Proceed in forma pauperis asserting that he should not be required to pay the filing fee. In so requesting, Plaintiff asserted certain "facts", under penalty of perjury.

 a) He has two vehicles but only one is ADA equipment. Why does he have two vehicles?

 b) In his expenses, under the category of transportation expenses (other than vehicle payment), he put ("N/A") which is the same he put for clothing. If he has no transportation cost, how does he travel to each location?

 c) His expenses are exactly the same for each case. How is that possible?

3. **No money to purchase items.**

In each case, Plaintiff's expenses are more than his income. If true, why is he driving to all these locations to patronize them. What money is Plaintiff using to purchase any product.

## ARGUMENT

### I. Standard for determining a Motion to Dismiss

The standard for determining a Motion to Dismiss under Rules 12(b)(6) and 12(b)(1) is well known to the Court.[2] When the issue is subject matter jurisdiction, as it is in this case, "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," and "[a]t the pleading stage, her 'burden is to allege a plausible set of facts establishing jurisdiction.'" *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271-72 (5th

---

[2] See, *Medrano v. Salazar*, 2020 WL 589537 (W.D. Tex. Feb. 5, 2020).

Cir. 2021).³ Because standing is fundamental to subject matter jurisdiction under Article III of the Constitution this plausible set of facts must include an allegation the plaintiff: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016). Pleading an "injury in fact" requires that the plaintiff "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." Id. at 1548. Even when the injury is defined by statute, "the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation." *Laufer*, 996 F.3d at 272.⁴ The Fifth Circuit has repeatedly held that this requires that ADA plaintiffs allege "in detail" how the supposed ADA violation will "negatively affect their day-to-day lives." See, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 174 (5th Cir. 2018) and *Frame v. City of Arlington*, 657 F.3d 215, 235-36 (5th Cir. 2011) (en banc).

For claims brought under the ADA, proving a past injury is not enough. Because Title III of the ADA provides only for injunctive relief the plaintiff must also plead a plausible intent to return to the defendant property. *Deutsch*, supra 882 F.3d at 173. Without the imminent danger of future injury, the plaintiff does not have standing to seek injunctive relief and the claim must fail. "[P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement [of Article III] only by

---

³Quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012), respectively.

⁴Quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).

demonstrating a continuing injury or threatened future injury." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019).[5] The threatened injury must also be an injury in fact and there must be a "substantial risk" the injury will occur. *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). An allegation of a past wrong is not sufficient to allege an imminent future wrong. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).[6] Because an injury in fact must be "concrete" this requires a substantial risk that the plaintiff will in the future suffer the same kind of harm that satisfies the Article III injury requirement for past injury.

**II.     Plaintiff does not have Article III standing as a "tester."**

After the Fifth Circuit's decision in *Laufer v. Mann Hosp., L.L.C.*, 996 F.3d 269, 271-72 (5th Cir. 2021) "tester" standing based on plaintiff's interest in enforcing the ADA for the public good is a thing of the past. In *Laufer* the plaintiff was, like Mr. Castillo, an ADA tester. Ms. Laufer claimed she was a tester who visited hotel websites "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]." 996 F.3d at 272 (5th Cir. 2021). Mr. Castillo alleges the same kind of interest in visiting the Property that is the subject of this lawsuit[7]:

> Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiffs' civil

---

[5]And see, *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169, 173 (5th Cir. 2018).

[6]Quoted in *Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021)

[7]Complaint at ¶7.

rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.[8]

In her work as a "tester", Laufer visited hotel websites to find out whether they included information about accessibility required by ADA regulations. 996 F.3d at 271. She did not, however, make any reservations at the hotel or have any clear intent to do so in the future. *Id.* The Fifth Circuit found that because she was looking for information that she did not need or intend to use, she had not suffered the kind of concrete injury required by Article III:

> "Even assuming arguendo that a failure to advertise accessibility information could support an ADA claim, Laufer still 'would need to allege at least that the information had 'some relevance' to her.'. . . Without sufficiently concrete plans to book a stay at the motel, Laufer has failed to do so."

996 F.3d at 273 (internal citations omitted). Calling herself a tester could not make up for the lack of a personal interest: "Laufer's assumed status as an "ADA tester" does not absolve her of the need to show an injury in fact for standing purposes." 996 F.3d at 273.

As a "tester" Mr. Castillo, like Ms. Laufer, lacks the kind of personal interest in the accessibility of the Property that could create the concrete, personal injury required by Article III. Just as Ms. Laufer visited a hotel website with no intent to use the information available, so Mr. Castillo visited the Property with no plausible intent to use its goods and services. Just like Ms. Laufer, Mr. Castillo had no personal interest in either parking or going into any store. He was there, as he admits, to look for ADA violations so he could

---

[8]Complaint at ¶7.

*Motion to Dismiss and Brief in Support Thereof*   Page 6 of 16

file a lawsuit[9] just as he has at least three other times in the last few months.[10] His interest was in the abstract enforcement of the ADA, not in buying goods or services, so his injury, if any, was not concrete and personal and does not satisfy the requirements of Article III.

It is true that Mr. Castillo alleges several times that he visited "as a patron" or "to patronize"[11] but this conclusory allegation fails to meet the requirement that an allegation be "plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and have sufficient specificity "to raise a right to relief above the speculative level," *id.* at 555, 127 S.Ct. 1955. Castillo alleges that he lives "within 30 miles" of the Property[12] and is near the Property "numerous times every month,"[13] the same allegation made in his other lawsuits. This hardly alleges a plausible intent to be a "patron" of a shopping center.[14] To be plausible there must be some explanation of why Mr. Castillo would drive 30 miles to shop at a the Subject Property located on Bandera

---

[9]Complaint at ¶7

[10]As noted above, Castillo has filed five ADA law suits, (including the instant case). A plaintiffs litigation history may undercut her attempt to prove an intent to return. *Hunter v. Branch Banking and Tr. Co.*, 2013 WL 4052411, at *5 (N.D. Tex. Aug. 12, 2013), citing *Norkunas v. Wynn Resorts Holdings, LLC*, 2007 WL 2949569, at *4 (D.Nev. Oct.10, 2007) (stating that "a plaintiffs litigation history can undercut the sincerity of his or her expressed intent to return"); *Brother v. Tiger Partner, LLC*, 331 F.Supp.2d 1368, 1374-75 (M.D.Fla.2004) (similar). This is especially true when Castillo he had no monies to pay the filing fee which begs the question of why he was traveling to all the locations alleged in the lawsuits.

[11]Complaint at ¶¶8, 9, 13, 14, 15, 21 and 22.

[12]Complaint at ¶¶11, 12

[13]Id.

[14]Complaint at ¶26(e) and ¶26(f)

Road. With respect to just why he was at the Property all Mr. Castillo does is quote the language of the statute, saying he wants to use the "goods, services, facilities, privileges, advantages and/or accommodations" of the store.[15] Allegations of this kind that merely quote the statute are conclusory, not factual, and cannot satisfy *Twombly* and its progeny. As the Supreme Court observed in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."" Mr. Castillo has not provided any facts that would make his claim to be "a patron" of Property plausible and has therefore failed to allege that he had the kind of personal interest in accessibility necessary for an Article III injury.

### III. Mr. Castillo has not alleged a plausible injury from the alleged architectural barriers he claims to have encountered.

Even if Mr. Castillo had plausibly alleged an interest in the Property other than his interest in filing lawsuits, his Complaint would still fail because it does not allege how the supposed barriers to access interfered with his patronage of the Property. To state a claim under Title III the plaintiff must not only allege the existence of an architectural barrier, he must also plausibly allege how that barrier affected him personally. See, *Mosley v. QuikTrip Corp.*, 2021 WL 5493444 (D. Ariz. Nov. 23, 2021). Mr. Castillo complains there is no van accessible parking[16] but does not allege he drives a van.[17] He complains that paint

---

[15] Complaint at ¶¶12, 21, 22, 23, 25, 27, and 35

[16] Complaint at ¶26(a)

[17] His application to proceed in forma pauperis shows that he owns two automobiles but no van.

*Motion to Dismiss and Brief in Support Thereof*      Page 8 of 16

is not properly maintained,[18] but does not claim he was unable to find a parking space; in fact, he clearly found the accessible parking because otherwise he would not have noticed the condition of the paint.[19] He complains about (a) the accessible parking spaces are not level in all directions and have uneven areas, broken and cracked pavement, (b) accessible aisles are not level in all directions and have areas of uneven, broken and cracked pavement (c) the paint delineating the accessible parking spaces and access aisles are not being maintained, (d) visible upright signage designating parking spaces, (e) entrance ramp lack a level top landing area (f) ramp to the accessible entrance has a run which exceeds the maximum slope requirement (g) practice of failing to maintain the accessible features of the facility. While he complains about the ramp and related areas at the Shopping Center[20], Mr. Castillo does not allege that he was unable to exit his car and enter the facilities; only that the supposed barriers made exiting "dangerous" in some unspecified way. Moreover, although Mr. Castillo alleges in general terms that he has difficulty walking and standing and that he "uses a wheelchair"[21] he does not allege that he is required to use a wheelchair or that wheelchair accessibility is a requirement for him to use a facility. The absence of such allegations makes his complaints concerning wheelchair accessibility inadequate for the reasons explained in a similar case from the Northern District of Texas:

---

[18]Complaint at ¶26(b)

[19]Complaint at ¶26(d)

[20]Complaint at ¶¶26(a) through 26(i)

[21]Complaint at ¶¶ 5, 6

> Part of the problem is that the extent of Strojnik's mobility issues is not clear from the complaint. He states that he walks with difficulty but does not provide any other information about the limitations on his ability to walk. Although he mentions a wheelchair once, he does not expressly plead that he requires one or refer to other mobility aids such as a walker. Strojnik has not established his standing to complain of the barriers in Addendum A

*Strojnik v. 1530 Main LP*, 2020 WL 981031, at *4 (N.D. Tex. Feb. 28, 2020). Even if Mr. Castillo's allegations concerning the existence of architectural barriers are taken as true there is no plausible allegation that these were barriers to him or that he suffered any concrete injury as a result of their existence.

## IV. Mr. Castillo has not alleged an imminent future injury that would support injunctive relief.

As noted above, for cases brought under Title III of the ADA injunctive relief is the only relief available. A plaintiff must therefore show imminent future injury that will be avoided in order to state a claim for relief. This requires both that the anticipated injury be an injury in fact and that it be imminent:

> That threatened future injury "must be an injury in fact." . . . That means, as relevant here, that the injury must be " 'imminent' ... 'to ensure that the alleged injury is not too speculative for Article III purposes.'". . . "For a threatened future injury to satisfy the imminence requirement, there must be at least a 'substantial risk' that the injury will occur."

*Crawford v. Hinds County Bd. of Supervisors*, 1 F.4th 371, 375 (5th Cir. 2021). In an ADA case this requires a plausible intention or desire to return:

> Plaintiffs who encounter barriers at public accommodations have standing to bring injunctive claims only if they show a plausible intention or desire to return to the place but for the barriers to access. *Deutsch v. Travis Cty. Shoe Hosp., Inc.*, 721 F.App'x 336, 339-40 (5th Cir. 2018); see also *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Shotz v. Cates*, 256 F.3d

1077, 1081 (11th Cir. 2001). A vague allegation of an intent to return to the place of injury "some day" is insufficient.[22]

*Strojnik v. Landry's Inc.*, 2019 WL 7461681, at *4 (S.D. Tex. Dec. 9, 2019).[23] Castillo has not alleged any plausible reason (other than his search for lawsuits) to visit the Property in the first place, so it is not surprising he also fails to plausibly plead an intent to return that would give rise to an imminent threat of future harm. He claims he intends to revisit the Property "within six months of the filing of this Complaint or sooner"[24] or "in the very near future,"[25] but does not allege why he expects to return except "as a patron" — a meaningless conclusion — or as a tester looking for lawsuits. He goes so far as to suggest the Court should tell him when to return, pledging to "do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court," "including returning to the Subject Property."[26] A plaintiff waiting for the Court to tell him when he must return has only "someday intentions" that are not sufficient to plead an imminent future injury. See,

---

[22]Quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ["Such 'some day' intentions —without any description of concrete plans, or indeed even any specification of when the some day will be — do not support a finding of the 'actual or imminent' injury that our cases require"]

[23]Report and recommendation adopted sub nom. *Strojnik v. Landry's*, 2020 WL 42454 (S.D. Tex. Jan. 2, 2020)

[24]Complaint at ¶14

[25]Complaint at ¶23

[26]Complaint at ¶7

*Strojnik v. Teof Hotel GP,* 2020 WL 5211063, at *4 (N.D. Tex. Aug. 31, 2020).[27]

Equally important, Mr. Castillo has not plausibly alleged that he will suffer a concrete harm if he does return, for his claim he will return as "a patron" is just as conclusory and implausible as his allegation that his first visit was as "a patron." Without a plausible allegation of intent to return so he can buy or at least shop for something Mr. Castillo has failed to allege an imminent future injury sufficient to plead a claim under the ADA.

## V. Mr. Castillo also fails to state a claim because he does not adequately allege that it is readily achievable to remediate the supposed accessibility barriers.

Mr. Castillo's only allegations about the cost and difficulty of removing the alleged barriers to access merely paraphrase the statute or are too vague to satisfy Rule 8. Mr. Castillo alleges:

> The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense.[28]

This merely paraphrases the language of the statute:

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense.[29]

---

[27] See also, *Access 4 All, Inc. v. Boardwalk Regency Corp.,* 2010 WL 4860565, *4 (D. N.J. Nov. 23, 2010). "An ADA plaintiff who seeks an injunction mandating removal of architectural barriers cannot "manufacture standing" by simply claiming that he intends to return to the defendant's establishment."

[28] Complaint at ¶¶30, 31

[29] 42 U.S.C. §12181(9)

Once again, "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Mr. Castillo's description of why removal of the barriers to access can be readily achieved adds no useful detail.[30]

> Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.[31]

"Site conditions," "structural design" and "straightforward nature" are all left unexplained.

Equally important, there is no allegation that the benefits would exceed the costs. The Ninth Circuit recently articulated the Plaintiff's burden in pleading that removal of architectural barriers is readily achievable:

> Accordingly, we hold that to satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances.

*Lopez v. Catalina Channel Express, Inc.,* 974 F.3d 1030, 1038 (9th Cir. 2020). An earlier case from Texas, *Persyn v. Torres,* 2011 WL 1549203, at *3 (W.D. Tex. Apr. 22, 2011) illustrates why allegations like those in the Complaint are not adequate. In *Persyn,* the plaintiff alleged that a concrete step was a barrier to access and that an aluminum ramp would eliminate it. The Court found the pleading was inadequate because "it does not state how a portable ramp would achieve ADA compliance without much difficulty or expense." *Id.* at *3.

---

[30]Complaint at ¶¶32, 34

[31]Complaint at ¶33

The Complaint in *Persyn* at least describe a method for removing an architectural barrier; Mr. Castillo's Complaint does not go even that far. He does not suggest how any of the alleged access barriers might be removed, why this is made readily achievable by the site conditions and structural design or why the cost would be reasonable in terms of the benefit. In the absence of specific allegations concerning why removal of the alleged barriers to access is readily achievable the Complaint fails to state a claim on which relief may be granted.[32]

## CONCLUSION AND PRAYER

*Laufer's* holding that "deprivation of a right created by statute must be accompanied by `some concrete interest that is affected by the deprivation'"[33] anticipated by a few months the Supreme Court's confirmation of that rule in *Transunion LLC v. Ramirez*, 141 S.Ct. 2190 (2021). *Ramirez* was a class action on behalf of victims of violations of the Fair Credit Reporting Act. The victims fell into two categories; those who had incorrect information stored in the defendant's computers and those whose incorrect information was not only stored, but also disseminated to third parties. 141 S.Ct. at 2202. The Court found that only the latter group had suffered the kind of concrete injury

---

[32]This question has been extensively considered in District Courts in Florida and California. There is some contrary authority in Florida, but more recent cases all seem to hold that a conclusory allegation that barrier removal is readily achievable is not sufficient to state a claim. See, *Kennedy v. U and V Food Corp.*, 2019 WL 343201, at *5 (M.D. Fla. Jan. 10, 2019), report and recommendation adopted, 2019 WL 338914 (M.D. Fla. Jan. 28, 2019) and *McNeil v. Chereddy*, 2021 WL 2955860, at *5 (M.D. Fla. Apr. 8, 2021). The same is true in California; see, *Kee Sook Ahn v. Dale Harris, as Tr. of the Dale and Lynne Harris 2001 Revocable Tr. Dated October 8, 2001 et al.*, 2021 WL 6102507, at *3 (C.D. Cal. Nov. 24, 2021).

[33]*Laufer* 996 F.3d at 272, quoting *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 529 (5th Cir. 2016).

required for Article III standing. 141 S.Ct. at 2208. The former group had not suffered any Article III injury despite the fact the statute had been violated and Congress granted a cause of action. The Supreme Court held that "the public interest that private entities comply with the law" cannot "be converted into an individual right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue." 141 S.Ct. at 2206.

Mr. Castillo has not plausibly alleged that he has suffered the "distinctive concrete harm" required by *Transunion* and *Laufer*. He has not plausibly alleged an imminent future injury that would give him standing to seek injunctive relief and he has not plausibly alleged that the required remediation is readily achievable. Thus, he has failed to plead either subject matter jurisdiction or a claim for which relief may be granted and his Complaint should be dismissed under Rule 12(b)(1) and 12(b)(6).

Signed on this the 1st day of August, 2022.

_____
DEAN W. GREER
West & West Attorneys at Law, P.C.
2929 Mossrock, Ste. 204
San Antonio, Texas 78230
E-mail: dean@dwgreerlaw.com
Telephone: (210) 342-7100
Telecopier: (210) 342-3633
Bar No. 08414100

ATTORNEY FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that the foregoing document was served on all counsel of record through the Court's ECF system as required by Rule 5 of the Federal Rules of Civil Procedure on this the 1st day of August, 2022.

_____
DEAN W. GREER