IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH CASTILLO, AN INDIVIDUAL, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 5:22-CV-00301-FB |
| | § | |
| RAFAEL PAREDES SANCHEZ AND PATRICIA OLGA VALDEZ, INDIVIDUALS, | § | |
| | § | |
| DEFENDANTS. | § | |

**DEFENDANTS' MOTION TO DISMISS**

RAFAEL PAREDES SANCHEZ and PATRICIA OLGA VALDEZ, ("Defendants") moves for the dismissal of the Complaint in this case pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for the following reasons.

**JOSEPH CASTILLO IS AN ADA TESTER. HE HAS FILED OVER A DOZEN LAWSUITS IN THIS DISTRICT. IN THE NORTHERN DISTRICT OF TEXAS, THE TESTER IS RAFAEL SEGOVIA. HE HAS FILED AT LEAST FIVE LAWSUITS. BOTH CASTILLO AND SEGOVIA ARE GENERALLY REPRESENTED BY THE SAME COUNSEL AND THE PLEADINGS ARE VIRTUALLY IDENTICAL.**

**ON AUGUST 4, 2022, THE HONORABLE SAM A. LINDSEY, UNITED STATES DISTRICT JUDGE IN THE NORTHERN DISTRICT OF TEXAS, IN THE CASE OF RAFAEL SEGOVIA V. ADMIRAL REALTY, INC., CIVIL NO. 3:21-CV-2478-L., JUDGE LINDSEY GRANTED DEFENDANT'S MOTION TO DISMISS. DEFENDANTS BELIEVE JUDGE LINDSEY'S OPINION WAS CORRECT AND SHOULD BE FOLLOWED. A COPY OF THE SEGOVIA COMPLAINT AND THE MEMORANDUM OPINION ARE ATTACHED AS EXHIBIT A.**

## Factual Background

1. Defendants are a small commercial landlord. It is the owner of the property located at 1407 Bandera Road, San Antonio, Texas ("Property"), where Plaintiff has alleged his rights under the Americans with Disabilities Act ("ADA") were violated. Plaintiff neither purchased goods nor services at the Property and, based on information and belief, has never returned to the Property after the alleged incident that purportedly gives rise to his claims for violations of the ADA, despite Plaintiff's claim to the contrary.

## State of Pleadings

2. Castillo filed his Complaint on April 5, 2022 [Doc.# 4]. Defendants filed their Motion to Dismiss on August 1, 2022 [Doc.# 10]. On August 19, 2022, Castillo filed his Amended Complaint [Doc.# 11].

3. The only significant difference Defendants' counsel can determine from the Original Complaint, is the allegation that Castillo revisited the location in August 2022, (at ¶11).

## Summary of Argument

4. Joseph Castillo ("Castillo") claims to be a disabled ADA "tester" who wants to "utilize ADA litigation to make his home community more accessible for Plaintiff and others."[1] It is clear since the Fifth Circuit's decision in *Laufer v. Mann Hosp.*[2] that "testers" like Mr. Castillo do not have standing to sue because his interest in enforcing the ADA for

[1] Amended Complaint at ¶7.
[2] 996F.3d 269 (5th Cir. 2021).

the public good is not the kind of personal interest that can give rise to a concrete injury sufficient to satisfy Article III of the United States Constitution. Mr. Castillo has not plausibly alleged any other injury and, therefore, his Complaint fails to allege either subject matter jurisdiction or a cause of action under the ADA. Mr. Castillo also has failed to allege that removal of the alleged architectural barriers is "readily achievable." For these reasons, his Amended Complaint fails to state a claim upon which relief might be granted and should be dismissed.

**Argument**

5. Standard for Determining a Motion to Dismiss. The standard for determining a motion to dismiss under Rules 12(b)(1) and 12(b)(6) is well-established.[3] When the issue is subject matter jurisdiction, as it is in this case, "[t]he burden of proof of a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction," and "[a]t the pleading stage, her burden is to allege a plausible set of facts establishing jurisdiction."[4] Because standing is fundamental to subject matter jurisdiction under Article III of the US Constitution, this plausible set of facts must include an allegation of the plaintiff:

(1) Suffered an injury in fact;
(2) that is fairly traceable to the challenged conduct of the defend; and
(3) that is likely to be redressed by a favorable judicial decision.[5]

---

[3] *Medrano v. Salazar*, 2020 WL 589537 (W.D. Tex. Feb. 5, 2020).
[4] *Lauder*, 996 F.3d at 271-272 (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) and *Physicians Hosp. of Am. v. Sebelius*, 691 F. 3d 649, 652 (5th Cir. 2012).
[5] *Spokeo, Inc. v. Robins*, 578 U.S. 130, 136 S.Ct. 1540, 1547 (2016).

6. Pleading an "injury in fact" requires that the plaintiff "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical."[6] Even when the injury is defined by statute, "the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation."[7] The Fifth Circuit has repeatedly held that this requires that ADA plaintiffs alleged "in detail" how the supposed ADA violations will "negatively affect their day-to-day lives."[8]

7. For claims brought under the ADA, proving a past injury is not enough. Because Title III of the ADA provides only for injunctive relief the plaintiff must plead a plausible intent to return to the defendant property.[9] Without the imminent danger of future injury, plaintiff does not have standing to seek injunctive relief and the claim must fail. "[P]laintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement [of Article III] only by demonstrating a continuing injury or threatened future injury." [10] The threatened injury also must be an injury in fact and there must be a "substantial risk" the injury will occur.[11] An allegation of a past wrong is not sufficient to allege an imminent future wrong.[12] Because an injury in fact must be "concrete" this

---

[6] *Id.* at 1548.
[7] *Laufer*, 996 F.3d at 272.
[8] See *Deutsch v. Annis Enterprises, Inc.*, 882 F.2d 169, 174 (5th Cir. 2018) and *Frame v. City of Arlington*, 657 F.3d 215, 235-236 (5th Cir. 2011) (en banc).
[9] *Deutsch v. Annis Enterprises, Inc.*, 882 F.2d at 173.
[10] *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). *See also Deutsch,* 882 F.2d at 173.
[11] Crawford v. Hinds County Bd. of Supervisors, 1 F.4th 371, 375 (5th Cir. 2021).
[12] *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-103, 103 S.Ct. 1660 (1983).

requires a substantial risk that the plaintiff will, in the future, suffer the same kind of harm that satisfies the Article III injury requirement for past injury.

8. Plaintiff does not have Article III standing as a "tester." After the Fifth Circuit's decision in *Laufer*, "tester" standing based on plaintiff's interest in enforcing the ADA for the public good is a thing of the past. In *Laufer*, the plaintiff was, like Mr. Castillo, an ADA tester. Ms. Laufer claimed that she was a tester who visited hotel websites "for the purpose of reviewing and assessing the accessible features at the hotel and ascertain[ing] whether the websites contain the information required by [ADA regulations]."[13] Mr. Castillo alleges the same kind of interest in visiting the Property that is the subject of this lawsuit:[14]

> Plaintiff is also an independent advocate for the rights of similarly situated disabled persons and is a "tested" for the purpose of enforcing Plaintiffs' civil rights, monitoring, determining, and ensuring whether the places of public accommodation are in compliance with the ADA.[15]

9. In her work as a "tester," Laufer visited hotel websites to find out whether they included information about accessibility required by ADA regulations.[16] However, she did not make any reservations at the hotel or have any clear intent to do in the future.[17] The Fifth found that, because she was looking for information that she did not need nor intend to use, she had not suffered the kind of concrete injury required by Article III:

> Even assuming arguendo that a failure to advertise accessibility information could support an ADA claim, Laufer still "would need to allege at least that

[13] *Laufer*, 996 F.3d at 272.
[14] Complaint at ¶7.
[15] Complaint at ¶7.
[16] *Laufer*, 996 F.3d at 271.
[17] *Id.*

> the information had 'some relevance' to her… without sufficiently concrete plans to book a stay at the motel, Laufer has failed to do so."[18]

Calling herself a "tester" would not make up for the lack of personal interest: "Laufer's assumed status as an 'ADA tester' does not absolve her of the need to show an inquiry in fact for standing purposes."[19]

10. As a "tester," Mr. Castillo, like Ms. Laufer, lacks the kind of personal interest in the accessibility of the property that could create the concrete, personal injury required by Article III. Just as Ms. Laufer visited a hotel website with no intent to use the information available, so Mr. Castillo visited the property with no plausible interest to use its goods and services. Just like Ms. Laufer, Mr. Castillo had no personal interest in either parking or going into any store. He was there, as he admits, to look for ADA violations so he could file a lawsuit, just as he has in at least fifteen (15) other cookie cutter complaints since February 24, 2022.[20] His interest in those lawsuits, as in the present cause, was the abstract enforcement of the ADA, not in purchasing goods or services and, therefore, his injury, if any, was not concrete and personal and does not satisfy the requirements of Article III.

11. In addition, Mr. Castro has alleged several times that he visited the Defendant's property "as a patron" or "to patronize," but this allegation fails to meet the requirement that an allegation be "plausible on its face"[21] and have sufficient specificity to

---

[18] *Id. at 273.*
[19] *Id.*
[20] A list of the fifteen (15) other lawsuits filed by Mr. Castillo is attached as Exhibit "B."
[21] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007).

"raise a right to relief above the speculative level."[22] Castillo alleges that he lives "within 30 miles"[23] of the Defendant's property and is near the property "numerous times every month,"[24] the very same allegation he made in all his other lawsuits. This hardly alleges a plausible intent to be a "patron" of the business located at the Property – a shopping center. To be plausible, there must be some explanation of why Mr. Castillo would drive up to 30 miles to shop at the store. Instead of stating why he was at the Property in the first place, Mr. Castillo merely alleges that he wanted to use the "goods, services, facilities, privileges, advantages and/or accommodations" of the store.[25]

Further, depending upon where Plaintiff lives it could take Plaintiff 30 to 60 minutes to drive to Defendants' property. Plaintiff further does not explain why he wanted to go to Defendants property in the first place. This failure is crucial as the Second Circuit held in *Calcano v. Swarovski N.A., Ltd., 36 F.4th 68, 2022 WL 1788305 (2d Cir. June 2, 2022).*

Allegations that merely quote a statute are conclusory, not factual, and cannot satisfy *Twombly* and its progeny. As the Supreme Court observed in *Ashcroft v. Iqbal*, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"[26] Mr. Castillo has not provided any facts that would make his claim to be "a patron" of the Property plausible and, therefore, has failed to allege that he had the kind of personal interest in accessibility necessary for an Article III injury.

---

[22] *Id.* at 555.
[23] Complaint at ¶13.
[24] *Id.*
[25] *See* Complaint at ¶14, ¶17, ¶24, ¶25, ¶27, ¶29 and ¶31.
[26] 556 U.S. 662, 678 (2009)

12. Furthermore, a plaintiff's litigation history may undermine its attempts to prove an intent to return.[27] Mr. Castillo has filed more than a baker's dozen of identical lawsuits against San Antonio small business owners, all of which he wants the court to believe he patronizes and intends to return and visit "some day."

13. Mr. Castillo has not alleged a plausible injury from the alleged architectural barriers he claims to have encountered. Even if Mr. Castillo plausibly had alleged an interest in the Property other than his interest in filing lawsuits, his Complaint still would fail because it fails to allege how the supposed barriers to access interfered with his patronage of the Property. To state a claim under Title III, the plaintiff must not only allege the existence of an architectural barrier, he must also plausibly allege how that barrier affected him personally.[28] Mr. Castillo complains there is no van accessible parking,[29] but he does not allege he even drives a van.[30] He further complains that paint is not properly maintained,[31] but does not claim he was unable to find a parking space because of the lack of the defective paint. In fact, Mr. Castillo clearly found the accessible parking because he, otherwise, would not have noticed the alleged defective condition of the paint.[32] He

[27] *Hunter v. Branch Banking and Tr. Co.*, 2013 WL 4052411, at *5 (N.D. Tex. Aug. 12, 2013) (citing *Norkunas v. Wynn Resorts Holdings, LLC*, 2007 WL 2949569, at *4 (D. Nev. Oct. 10, 2007) for the proposition that "a plaintiff's litigation history can undercut the sincerity of his or her expressed intent to return"); see *also Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374-75 (W.D. Fla. 2004).

[28] *See Mosley v. QuikTrip Corp.*, 2021 WL 5493144 (D. Ariz. Nov. 23, 2021).

[29] Complaint at ¶25(a).

[30] Mr. Castillo's application to proceed in forma pauperis shows that he owns two (2) automobiles, but no van.

[31] Complaint at ¶29(b).

[32] Complaint at ¶29(b).

complains about the lack of an access aisle in front of the store,[33] but never alleges he tried to park or was prevented from exiting his vehicle. He complains that the accessible parking sign at the store is too low,[34] but does not allege he was unable to locate the parking space, which is the reason for the statutory sign requirement. While Mr. Castillo complains about the ramp and related areas at the Property,[35] he does not allege that he was unable to exit his vehicle and enter the facilities – only that the supposed barriers made exiting "dangerous" in some unspecified way. Moreover, he fails to note there are two ramps at the location.

14. Similarly, although Mr. Castillo alleges, in very general terms, that he has difficulty walking and standing and that he "uses a wheelchair,"[36] he does not allege that he is required to use a wheelchair or that wheelchair accessibility is a requirement for him to use a facility. The absence of such allegations makes his complaints concerning wheelchair accessibility inadequate for the reasons explained in a similar case in the Northern District of Texas:

> Part of the problem is that the extent of Strojnik's mobility issues is not clear from the complaint. He states that he walks with difficulty but does not provide any other information about the limitations on his ability to walk. Although he mentions a wheelchair once, he does not expressly plead that he requires one or refer to other mobility aides such as a walker. Strojnik has not established his standing to complaint of the barriers.[37]

---

[33] Complaint at ¶29(a).
[34] Complaint at ¶29(c).
[35] Complaint at ¶29(d)
[36] Complaint at ¶5 and ¶6.
[37] *Strojnik v. 1530 Main LP*, 2020 WL 981031, at *4 (N.D. Tex. Feb. 28, 2020).

Even if Mr. Castillo's allegations concerning the existence of architectural barriers are taken as true, there is no plausible allegation that there were barriers to him or that he suffered any concrete injury as a result of their existence. At best, all he alleges is that he had a loss of opportunity which opportunity has not defined nor explained.

15. Also, Mr. Castillo fails to plead any facts to support his allegations that the Defendants have a history and practice of failing to inspect and maintain the parking lot, with their respective accessible spaces and accessible aisles, and any other portion of the Property. One wonders how Mr. Castillo could know this since he admits to only visiting the Property once, before suit was initiated.

16. Mr. Castillo has not alleged an imminent future injury that would support injunctive relief. As noted above, for cases brought under Title III of the ADA, injunctive relief is the only relief available. Accordingly, a plaintiff must show imminent future injury that will be avoided in order to state a claim for relief. This requires both that the anticipated injury be an injury in fact and that it be imminent:

> That threatened future injury "must be an injury in fact..." That means, as relevant here, that the injury must be "imminent... 'to ensure that alleged injury is not too speculative for Article III purposes'"... "For a threatened future injury to satisfy the imminence requirement, there must be at lease a 'substantial risk' that the injury will occur."[38]

In an ADA case, this requires a plausible intention or desire to return:

> Plaintiffs who encounter barriers at public accommodations have standing to bring injunctive claims only if they show a plausible intention of desire to return to the place but for the barriers to access. *Deutsch v. Travis Cty. Shoe Hosp., Inc.*721 F. App. 336, 339-340 (5th Cir. 2018); see also *Pickern v. Holiday*

[38] *Crawford*, 1 F.4th at 375.

> *Quality Foods, Inc.*, 293 F.3d 1133, 1138 (9th Cir. 2002); *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001). A vague allegation of an intent to return to the place of injury "some day" is insufficient.[39]

Castillo has not alleged any plausible reason to visit the Property in the first place, other than his search for lawsuits, and, unsurprisingly, he fails to plead – and, indeed, cannot plead – an intent to return that would give rise to an imminent threat of future harm. He claims he intends to revisit the Property "within six months of the filing of this Complaint or sooner"[40] or "in the future,"[41] but does not allege why he expects to return except "as a patron," a meaningless conclusion, or as a tester looking for lawsuits. He goes so far as to suggest the court should tell him when to return, pleading to "do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court," "including returning to the Subject Property."[42] A plaintiff waiting for the Court to tell him when he must return has only "someday intentions" that are not sufficient to plead an imminent future injury.[43]

These same allegations were found in the Original Complaint. However, in the Amended Complaint, Castillo added that he "visited" the property sometime in August

---

[39] Report and recommendation adopted sub nom. *Strojnik v. Landry's,* 2020 WL 42454 (S.D. Tex. Jan. 2, 2020) (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 561 (1992). ["Such 'some day' intentions without any description of concrete plans, or indeed even any specification of when the some day will be do not support a finding of the 'actual or imminent' injury that our cases require."].

[40] Complaint at ¶15, ¶16, ¶17, ¶26.

[41] Complaint at ¶25.

[42] Complaint at ¶15, ¶16, ¶17, ¶25, ¶26.

[43] *Strojnik v. Teof Hotel GP*, 2020 WL5211063, at *4 (N.D. Tex. Aug. 31, 2020). See also *Access 4 All, Inc. v. Boardwalk Emergency Corp.*, 2010 WL 4860565, at *4 (D. N.J. Nov. 23, 2010 (("An ADA plaintiff who seeks an injunction mandating removal of architectural barriers cannot 'manufacture standing' by simply claiming that he intends to return to the defendant's establishment.").

2022. Which is correct? Why allege in both Complaints that he will not return to the property until it will become accessible, but then "visits" the property in August 2022.

Defendants believe the "visit" came after the Admiral Realty decision which noted that "someday intentions" to return was insufficient to sustain a cause of action. Defendants assert Plaintiff's reason to return was not to patronize the establishment but to "check a box".

17. Equally important, Mr. Castillo has not plausibly alleged that he will suffer a concrete harm if he does not return, for his claim he will return as "a patron" is just as conclusory and implausible as his allegation that his first visit was as "a patron." Without a plausible allegation of intent to return so he can buy or at least shop for something, Mr. Castillo has failed to allege an imminent future injury sufficient to plead a claim under the ADA.

18. <u>Mr. Castillo also fails to state a claim because he does not adequately allege that it is readily achievable to remediate the proposed accessibility barriers.</u> Mr. Castillo's only allegation about the cost and difficulty of removing the alleged barriers to access merely paraphrase the statue or are too vague to satisfy Rule 8 of the Federal Rules of Civil Procedure. Mr. Castillo alleges:

> Removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished without significant difficulty or expense.[44]

Once again, this statement merely paraphrases the language of the statute:

---

[44] Complaint at ¶34.

> The term "readily achievable" means easily accomplishable and able to be carried out without much difficulty or expense.[45]

This is yet another instance of "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action" that fails to state a claim.[46] Mr. Castillo's description of why removal of the barriers to access can be readily achieved adds no useful detail:[47]

> Removal of the physical barriers and dangerous conditions present at the Subject Property is readily achievable because of the site conditions at the Subject Property, the structural design of the subject facility, and the straightforward nature of the necessary modifications.[48]

The terms and phrases "site conditions," "structural design," and "straightforward nature" are undefined and unexplained.

19. Moreover, Mr. Castillo makes no allegation that the benefits of these "necessary modifications" – whatever they may be – would exceed the costs. The Ninth Circuit recently articulated the Plaintiff's burden in pleading that removal of architectural barriers is readily achievable:

> ...we hold that to satisfy their initial burden, ADA plaintiffs must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances.[49]

An earlier Texas case, *Persyn v. Torres*, illustrates why allegations like those in the Complaint are inadequate. In *Persyn*, the plaintiff alleged that a concrete step was a barrier

---

[45] 42 U.S.C. § 12181(9)
[46] *Ashcroft*, 556 U.S. 663, 678 (2009).
[47] Complaint at ¶36.
[48] Complaint at ¶36.
[49] *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020).

to access and that an aluminum ramp would eliminate it. The Court found the pleading was inadequate because "it does not state how a portable ramp would achieve ADA compliance without much difficulty or expense."[50]

20. Unlike in the present case, the Complaint in *Persyn*, at the very least, described a method for removing an architectural – and the court still found the pleading to be inadequate. Mr. Castillo's Complaint does not even go that far. He does not suggest how any of the alleged access barriers might be removed; nor why this is made readily achievable by the "site conditions," "structural design," or why the cost would be reasonable in terms of the benefit. In the absence of specific allegations as to why removal of the alleged barriers to access is readily achievable, the Complaint fails to state a claim on which relief may be granted.

## <u>Conclusion and Prayer</u>

21. *Laufer*'s holding that "deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation" anticipated by a few months the Supreme Court's confirmation of that rule in Transunion, LLC vs. Ramirez. Ramirez was a class action on behalf of victims of violations of the Fair Credit Reporting Act. The alleged victims fell into two (2) categories: those who had incorrect information stored in the defendant's computers and those whose incorrect information was not only stored, but also disseminated to third parties. The Court found that only the latter group had suffered the kind of concrete injury required for Article III standing. The

---

[50] 2011 WL 1549203, at *3 (W.D. Tex. Apr. 22, 2011).

former group had not suffered any Article III injury despite the fact the statute had been violated and Congress had granted a cause of action. The Supreme Court held that "the public interest that private entities comply with the law" cannot "be converted into an individual right by a statute that denominates it as such, and that permits all citizens (or, for that matter, a subclass of citizens who suffer no distinctive concrete harm) to sue."

22. Mr. Castillo has not plausibly alleged that he has suffered the "distinctive concrete harm" required by Transunion and Laufer. He has not plausibly alleged an imminent future injury that would give him standing to seek injunctive relief and he has not plausibly alleged that the required remediation is readily achievable. Accordingly, he has failed to plead either subject matter jurisdiction or a claim for which relief may be granted and his Complaint should be dismissed under Rules 12(b)(1) and 12(b)(6). Defendants further pray for any additional and further relief to which they may show themselves entitled.

DATED: September 2, 2022.

Respectfully Submitted,

*/s/ Dean W. Greer*
Dean W. Greer
West & West Attorneys at Law, P.C.
2929 Mossrock, Suite 204
San Antonio, Texas 78230
Telephone: (210) 342-7100
Facsimile: (210) 342-3633
Texas Bar No. 08414100

Attorney for Defendants

**CERTIFICATE OF CONFERENCE**

I hereby certify that on September 2, 2022, I attempted to confer with Plaintiff's counsel, Michael Sturgill, in the matter of the alleged deficiencies of the complaint and that Defendants intended to file this Motion to Dismiss. Plaintiff's counsel did not respond prior to Defendants filing this Motion.

*/s/ Dean W. Greer*
Dean W. Greer

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2022, notice of this document will be electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Federal Rules of Civil Procedure and the Electronic Filing Procedures in this District.

*/s/ Dean W. Greer*
Dean W. Greer