**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JOSEPH CASTILLO,** | * | |
| **individually,** | * | |
| | * | |
| **PLAINTIFF,** | * | |
| **v.** | * | **Case No. 5:22-cv-00301** |
| | * | |
| **RAFAEL PAREDES SANCHEZ  AND** | * | |
| **PATRICIA OLGA VALDEZ,** | * | |
| **Individuals,** | * | |
| | * | |
| **DEFENDANTS.** | | |

---

**RESPONSE AND BRIEF IN OPPOSITION TO MOTION TO DISMISS**

---

Plaintiff submits that the Motion to Dismiss should be denied for the following reasons:

1. Plaintiff lacks sufficient knowledge to admit or deny that Defendants are a small commercial business.  Plaintiff admits that to the best of his knowledge, Defendants are the owners of the property located at 1407 Bandera Road, San Antonio, Texas ("Subject Property") where Plaintiff had his rights under the American with Disabilities Act ("ADA") were violated.  Plaintiff denies Defendant's "belief" that Plaintiff never purchased goods or services or returned to the Subject Property and confirms that he has returned to the Subject Property as pled in his most recent pleadings.

2. Plaintiff admits that facts in Paragraph 2 of Defendant's Motion to Dismiss.

3. Plaintiff admits that he did return to the Subject Property in August 2022 as pled in his Amended Complaint.

4. Plaintiff denies Defendant's contention that he does not have standing and denies Defendant's mischaracterization of Plaintiff.  Plaintiff admits that he has considered

himself a test to try and make his home community more accessible for the disabled. Plaintiff also admits that in addition to seeking to make his community better for other disabled, Plaintiff also seeks to make his community better for himself.  As pled, Plaintiff has standing as an individual who was denied equal access on multiple occasions and has attempted to prevent this same embarrassment and inequality from being continued against other disabled individuals. Plaintiff denies Defendant's argument that he failed to argue that the architectural barriers are readily achievable as Plaintiff's most recent pleading argue several times that these repairs are readily achievable.  (See Amended Complaint at ¶34, 35, 36, 38, 40 and 44).

5.  Plaintiff resides within 30 (30) miles of the Subject Property that is non-compliant with the ADA.

6.  Plaintiff visited Defendant's business on multiple occasions only to encounter physical barriers which have prevented him from the "full and equal enjoyment of the…services, facilities…or accommodations of any place of public accommodation" as able-bodied persons.  In his Complaint, Plaintiff has specifically alleged numerous violations of the ADA that he specifically encountered on his previous visits to the Subject Property.

7.  During these visits, Plaintiff suffered injury in fact when he was denied the ability to exercise his basic right of "full and equal enjoyment" of the Subject Facility's public services, facilities, and accommodations due to the Defendant's failure to comply with ADA regulations and standards.

8.  Furthermore, Plaintiff intends to revisit the Subject Facility in the near future to once again attempt to exercise his basic rights granted under the ADA.

9. Defendant cannot rely on Laufer v. Mann Hospitality or Strojnik v. Teof Hotel GP, LLC, because they are factually and legally inapplicable.

10. As shown below, Plaintiff has standing to bring this action.

## **ARGUMENT**

### I.     **Defendant is Responsible and Liable for Plaintiff's Injuries**

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co*., 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296 (5th Cir. 1997).

First, Plaintiff suffered an injury in fact when she was unable to safely utilize the accommodations and facilities at the Subject Location due to the numerous physical barriers she encountered during her visits. Plaintiff has a right to "the full and equal enjoyment of the…services, facilities…or accommodations of any place of public accommodation," irrespective of disability, granted to her by the ADA.

Next, the injury in fact is traceable to the conduct of Defendant as the ongoing injury suffered by Plaintiff is a result of Defendant's failure to maintain the premises in compliance with ADA regulations and standards. Defendant is the owner/lessor/ and/or property manager of the Subject Location and its accompanying facilities. Defendant's failure to maintain the premises in compliance with ADA regulations and standards have resulted in physical barriers being present which prevent Plaintiff from the full and equal enjoyment of its facilities.

Defendant makes the argument that the Plaintiff must prove a past injury is not enough and that the plaintiff must plead a plausible intent to return to the defendant property.  Plaintiff has met this burden in showing that he has returned to the Subject Property on multiple occasions, as recent as August of 2022 and that he intends to continue to visit the Subject Property in the normal course of his daily life, not as a tester or for the purposes of being a tester.

II.    **Defendant Admits that Barriers Existed and Refused to Allow an Inspection of the Subject Property.**

## ARGUMENT

I.    **This Court has subject matter jurisdiction because Plaintiff has adequately alleged a plausible set of facts that give rise to his cause of action under the ADA.**

For a claim to survive a motion to dismiss, all that is required "is to allege a plausible set of facts establishing jurisdiction."[1] Further, when making the determination whether a plausible set of facts establishing jurisdiction has been pled, the Court must "consider the allegations in the plaintiff's complaint as true." [2]

The Plaintiff has alleged a plausible set of facts to survive a motion to dismiss at this stage of litigation. To plead a valid claim which would survive a motion to dismiss, the allegations made by a plaintiff must pass the two-factor test established in *Twombly* and later clarified in *Iqbal.*[3]  In *Twombly,* the Supreme Court established that a valid pleading must (1) be "plausible on its face," and (2) have sufficient specificity "to raise a right to relief above the speculative level."[4] To survive the plausibility factor, a plaintiff must allege facts that raise more than a mere possibility of

---

[1] Laufer v. Mann Hospitality, L. L.C., 996 F.3d 269 (5th Cir. 2021); citing Physician Hosps. of Am. v. Sebelius, 691 F.3d 649, 652 (5th Cir. 2012).

[2] Id.; citing to St. Tammany Par., ex rel. Davis v. Fed. Emergency Mgmt. Agency, 556 F.3d 307, 315 (5th Cir. 2009) (citations omitted).

[3] Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 550 U.S. 544 (2007); see also Ashcroft v. Iqbal - 556 U.S. 662, 129 S. Ct. 1937 (2009).

[4] Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 167 L. Ed. 2d 929, 550 U.S. 544 (2007).

4

occurrence.[5] A claim will satisfy this factor if the pleadings allow the court to draw reasonable inference that the defendant is liable for the misconduct which resulted in injury.[6] In making this determination the court must draw on its experience and common sense.[7]

First, Defendant makes the argument that the allegations advanced by the Plaintiff do not meet the plausibility standard because the allegations made "must be discounted in light of Plaintiff's admission that he is a 'tester.'" Defendant's analysis is without basis in fact or law. Defendant erroneously alludes that "testers" are no longer proper Plaintiffs in civil rights cases, but the Court in Laufer[8], the case in which Defendant chiefly relies, reaches no such conclusion.

The Plaintiff has pled that he was denied rights granted to him under the ADA when he visited and attempted to utilize the facilities at the Subject Location on multiple occasions.[9] Construing all facts pled as true, as is required by the standard in determining whether to grant or deny a motion to dismiss, it simply cannot be inferred that the allegations advanced in the Plaintiff's amended complaint are not plausible. The Plaintiff lives within 30 miles of the Subject Location. Additionally, the Plaintiff is not limited to the confines of his home due to his condition, and still travels throughout the local area regularly not only for personal matters, but also as an ADA tester. To argue that it is not plausible for a local resident to stop at any given gas station or convenient store within a short distance of his home is specious at best.

Secondly, the Plaintiff has pled with sufficient specificity claims which raise the right to relief beyond a speculative level. In his Amended Complaint, the Plaintiff has clearly pled that the Defendant's failure to maintain its premises in compliance with ADA regulations and standards

---

[5] Id.
[6] Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009).
[7] Id.
[8] Laufer v. Mann Hospitality, L. L.C., 996 F.3d 269 (5th Cir. 2021).
[9] See ECF Document 13 Amended Complaint, Factual Allegations 9-10.

has led to his inability to exercise his rights granted under federal law. The Plaintiff has listed specific physical barriers he encountered when he attempted to utilize the facilities at the Subject Location which are in violation of the ADA.[10] For example, the Plaintiff has stated that he was unable to traverse the parking facilities safely, or without fear of injury, due to the unlevel access aisles and aged pavement.[11]

Thus, the Plaintiff has satisfied the pleading standard set forth by the Supreme Court. As a result, the Court does have subject matter jurisdiction over the case and the Defendant's Motion to Dismiss should be denied on those grounds.

II.     **Plaintiff has standing to bring this claim under the ADA.**

The Plaintiff has standing to bring this claim under the ADA. To have standing, a plaintiff must demonstrate that he or she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[12]

First, the Plaintiff suffered an injury in fact when he was unable to safely utilize the accommodations and facilities at the Subject Location due to the numerous physical barriers he encountered during his visits. The Plaintiff has a right to "the full and equal enjoyment of the…services, facilities…or accommodations of any place of public accommodation," irrespective of disability, granted to him by the ADA.[13]

---

[10] Id.; see Allegation 27.
[11] Id.; see Allegation 27(d) & (g).
[12] Spokeo, Inc. v. Robins, U.S. 136 S. Ct. 1540 1547, 194 L.Ed.2d 635 (2016) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ), as revised (May 24, 2016).
[13] 42 U.S. Code § 12182 (a) – Prohibition against discrimination by public accommodations.

Next, the injury in fact is fairly traceable to the conduct of the Defendant as the ongoing injury suffered by the Plaintiff is a result of the Defendant's failure to maintain the premises in compliance with ADA regulations and standards. The Defendant is the owner/lessor/ and/or property manager of the Subject Location and its accompanying facilities. The Defendant's failure to maintain the premises in compliance with ADA regulations and standards have resulted in physical barriers being present which prevent the Plaintiff, and similarly situated disabled persons, from the full and equal enjoyment of its facilities.

Finally, the injury suffered by the Plaintiff is likely to be redressed by a favorable judicial decision, because it would force the Defendant to remove the physical barriers currently preventing the Plaintiff from safely utilizing the facility. Removal of the physical barriers at the Subject Location would allow the Plaintiff and other similarly situated disabled persons the ability to freely exercise their rights granted under federal law, while also achieving the Plaintiff's praise-worthy goal of making his community a more accessible one.

Ultimately, the Plaintiff has validly pled the elements necessary for standing under the ADA as he has detailed (1) that he has suffered an injury in fact, (2) that the injury in fact is fairly traceable to the conduct of the Defendant, and (3) the injury is likely to be redressed by a favorable judicial decision. As such, the Defendant's Motion to Dismiss should be denied on those grounds.

Defendant cites to a non-controlling district court case in stating that Plaintiff has not adequately alleged that the remediation to the barriers to entry present at the property are readily achievable.[14]   However, Plaintiff has alleged that the remediation of the barriers could be accomplished without significant difficulty or expense.[15]   At this stage of litigation, all factual

---

[14] See ECF Document 15 Motion to Dismiss, Page 7.
[15] See ECF Document 13 Amended Complaint, Paragraph 32.

allegations must be taken as true for the purposes ruling on the Motion to Dismiss.  Prior to discovery being conducted in this matter, it would be impossible for the Plaintiff to contemplate a specific remedy for each alleged barrier to entry.  Such a requirement would necessitate Plaintiff to retain an expert prior to filing suit to make a determination as to the specific repair needed for each violation.

### III.    Plaintiff has alleged imminent future injury that supports injunctive relief, and further the Strojnik case is factually and legally inapplicable to the case at bar.

Plaintiff agrees with Defendant that for cases brought under Title III of the ADA a plaintiff must show an imminent future injury that will be avoided if injunctive relief is granted because injunctive relief is the only relief available to a Title III plaintiff. This requires both that the anticipated injury be an injury in fact and that it be imminent.  In the case at bar in his Amended Complaint, Plaintiff has alleged not only that he has visited the Subject Property on July of 2021 prior to filing the initial complaint in this cause, but he has also visited the property on December 2021.[16]  Plaintiff further alleges that he is in the vicinity of the Subject Property numerous times every month, if not every week.[17]   Additionally, Plaintiff makes the claim that he intends on revisiting the Subject property within six (6) months of the filing of his Complaint or sooner, as soon as the barriers to access detailed in the Complaint are removed.  Plaintiff alleges the purpose of the revisit is to be a regular patron and to determine if and when the Subject Property is made accessible.[18]

As previously stated, all allegations of the Complaint are to be read as true for purposes of determining the merit of a Motion to Dismiss.  With this in mind, the Court must accept Plaintiff's

---

[16] Id.; Paragraphs 9-10.
[17] Id.; See Paragraph 12.
[18] Id.; See Paragraph 14.

8

allegation as true that he will return to the property as a regular patron and to determine if the violations at the property have been remedied.  Plaintiff's return to the Subject Property in December 2021 further evidences his specific intent to continue to return to the Subject Property for the aforementioned reasons.  At Plaintiff's December 2021 visit to the Subject Property, Plaintiff experienced the same discrimination that he experienced at the June 2021 visit.[19]  This is not a "someday" allegation as it is characterized by Defendant.[20]  Plaintiff has listed a date certain that he has already returned to the Subject Property.

Defendant relies upon <u>Strojnik v. Teof Hotel GP</u> when attempting to undermine Plaintiff's intentions to return to the Subject Property.[21]  In <u>Strojnik</u>, the plaintiff alleged that he had been discriminated against by a hotel that was ***hundreds*** of miles from where he lived.  The plaintiff's complaint was dismissed in that case after the Court considered (1) Strojnik's proximity to the hotel; (2) his past patronage; (3) the definitiveness of his plan to return to the hotel; and (4) his frequency of nearby travel.[22]  When applying that same test to the case at bar, this Court should find that Plaintiff has adequately pled that he does in fact have a plausible intent to return to the property.  Here, the Plaintiff has alleged he lives within thirty (30) miles of the Subject Property; he has patronized this property in the past before filing suit; he has clear and definite plans to return to the property; and he is frequently in the area of the Subject Property.  Again, at this stage of litigation, all of these allegations must be taken as true.

---

[19] <u>Id.</u>; See Paragraph 10.
[20] See ECF Document 15 Motion to Dismiss, Page 7.
[21] <u>Strojnik v. Teof Hotel GP</u>, 2020 WL 5211063 (N.D. Tex. Aug. 31, 2020)
[22] <u>Id.</u>; at Page 6.

Unsurprisingly, Defendant makes no mention of <u>Kennedy v. Sai Ram Hotels LLC</u>, which was quoted and distinguished by the Court in <u>Strojnik</u>.[23]  In this case, the plaintiff brought suit for discrimination by a hotel chain for lacking the requisite hotel accommodations for disabled persons as defined by the ADA.[24]  In <u>Kennedy</u>, the plaintiff's complaint survived the Defendant's motion to dismiss, because the plaintiff alleged she frequently travels near the hotel and alleged she planned to return to hotel and its website within eight months.[25]  Additionally when considering plausibility of return, the *Kennedy* Court stated that [Plaintiff]'s status as a tester plausibly increases the likelihood that she will visit the Rodeway Inn's website again to test its ADA compliance.[26]

## IV.   The <u>Laufer</u> case is factually and legally inapplicable to the case at bar, because the injury alleged by Laufer was informational in nature, whereas the injury suffered by Plaintiff in the case at bar is a concrete injury in fact.

Plaintiff has a concrete interest in being able to visit and use the facilities at the Subject Location. It is duly noted that "the deprivation of a right created by statute must be accompanied by 'some concrete interest that is affected by the deprivation.'"[27] Defendant unsuccessfully tries to make the argument that Plaintiff has no concrete interest affected by the deprivation of his right to use the public facilities at the Subject Location by comparing the facts here to the <u>Laufer</u> case.[28]

In the <u>Laufer</u> case, the plaintiff brought suit under the ADA against an inn for failure to identify rooms accessible to disabled persons like herself in postings on third party booking websites.[29] Much like the <u>Strojnik</u> case (and unlike the *Kennedy* case), the plaintiff in <u>Laufer</u> lived many miles away from the subject property – ***approximately two thousand miles in the Laufer***

---

[23] See <u>Strojnik v. Teof Hotel GP</u> at 8, Quoting <u>Kennedy v. Sai Ram Hotels LLC</u>, No. , 2019 WL 2085011 (M.D. Fl. May 13, 2019)

[24] <u>Kennedy v. Sai Ram Hotels LLC</u>, No. , 2019 WL 2085011 (M.D. Fl. May 13, 2019), at 2.

[25] <u>Id</u>.

[26] <u>Id</u>. At 10.

[27] <u>Lee v. Verizon Commc'ns, Inc</u>., 837 F.3d 523, 529 (5th Cir. 2016) (quoting <u>Spokeo</u>, 136 S. Ct. at 1549).

[28] <u>Laufer v. Mann Hospitality, L. L.C</u>., 996 F.3d 269 (5th Cir. 2021).

[29] <u>Id</u>.

*case.*[30]  Notably, the plaintiff in <u>Laufer</u> never actually visited the inn itself and was not a resident in the area where the Subject Facility was located. Not only that, but she never attempted to book a room or intended on doing so.[31]  The plaintiff's allegations only went as far as stating that she could not tell from the inn's online reservation system whether it had rooms which could accommodate her disabilities.[32] The Court noted that the ultimate problem in the plaintiff's case was her failure to show how the alleged violation affected her in a concrete way.[33]  The Plaintiff in <u>Laufer</u> alleged that her injury was informational in nature.[34]  This is in stark contrast to the case at bar, as Plaintiff suffered an actual injury in fact as defined by the ADA when he personally encountered the barriers to entry at the Subject Property.

In contrast to the <u>Laufer</u> case, Plaintiff in the case at bar has demonstrated that the violations have negatively affected his concrete interest in utilizing the facilities and accommodations at the Subject Location. The Plaintiff here is a resident in the area where the violations are present. Further, he did in fact visit the Subject Location where he engaged with the physical barriers which prevented him from exercising his rights granted under the ADA and intends on revisiting the Subject Location in the near future to once again attempt to exercise those rights.[35] However, he will not subject himself to unnecessary harm or injury by attempting to access the premises while the physical barriers remain present, nor is that required for the Plaintiff to have standing in this matter as the injury in fact has already been suffered. The failed attempt by the Defendant to compare the facts in that case to the one at bar undermine all disabled individuals' right to the full and equal enjoyment of places of public accommodation and do a

[30] <u>Id.</u>; at 2.
[31] <u>Id.</u>; at 16.
[32] <u>Id.</u>; at 1.
[33] <u>Id.</u>; at 21.
[34] <u>Id.</u>; at 13.
[35] See ECF Document 13 Amended Complaint, Factual Allegations 9-10; see also Allegations 22-24.

disservice to the steps taken by the Plaintiff to make his community a more accessible version of itself as an ADA tester.

Additionally, the Defendant's suggestions that the Plaintiff does not have standing to sue based upon the distinction of whether the Plaintiff was a "patron" or "attempted patron", and, further, the Plaintiff not providing a reason for visiting the store other than as an advocate for the disabled to search for violations, are misguided. In the seminal case on tester law, <u>Havens Realty</u>, a tester under the Fair Housing Act of 1968 sought information from a real estate agent regarding whether there were units available for rent in a given community.[36] The real estate agent went on to tell the tester, an African American, that there were no available units, but later informed a separate tester, who was a white man, that there were in fact vacancies in the community at issue. The Supreme Court noted in <u>Havens Realty</u> that "the tester may have approached the real estate agent fully expecting that he would receive false information, and without any intention of buying or renting a home, [and this] does not negate the fact of injury." [37] Similarly, the Plaintiff, while not conceding this as fact, could have approached the Subject Location with no intention of buying any goods or services, expecting to be denied his rights to full and equal enjoyment of the accommodations and facilities present under the ADA, and still have standing to bring a lawsuit.

For instance, "In <u>Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co.</u>, In Colorado Cross Disability Coalition, a tester sued the owners of a retail store under Title III, alleging that their stores were inaccessible to individuals who use wheelchairs… [the Court] held that "anyone who has suffered an invasion of the legal interest protected by Title III may have standing,

---

[36] <u>Havens Realty Corporation v. Coleman</u>, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982).
[37] <u>Id</u>.

regardless of his or her motivation in encountering that invasion.'"[38]  In that case, the Court held that the Plaintiff had standing because the Plaintiff alleged that she would regularly return to the store.  The Court further noted that Laufer did not allege that she will encounter any accessibility barriers because she has no intention of attempting to access the [hotel].  Again, the case at bar is analogous to <u>Colo. Cross-Disability Coal</u> rather than <u>Laufer</u> because the Plaintiff in the case at bar has alleged that he has, and will continue, to return to the Subject Property in the immediate future.[39]

Contrary to Defendant's assertions, the holding from the <u>Laufer</u> case did nothing to disestablish tester law nor attempt to remove a tester's ability to maintain standing for a lawsuit brought under the ADA.

## <u>CONCLUSION</u>

Through Defendant's flawed reasoning, it is difficult to envision any scenario where a Plaintiff could have standing to bring a lawsuit under the ADA – a result certainly not intended by Congress nor supported by case law on this subject.  The Plaintiff in the case at bar visited the property, barriers to entry were present, and he was discriminated against because he personally encountered those barriers as defined by the ADA.

Accordingly, Plaintiff respectfully requests that this Honorable Court deny the Defendant's Rule  Motion to Dismiss Amended Complaint for the foregoing reasons.

---

[38] <u>Laufer v. Mann Hospitality, L. L.C.</u>, at 19, <u>Quoting Colo. Cross-Disability Coal. v. Abercrombie & Fitch Co.</u>, 765 F.3d 1205 (10th Cir. 2014)
[39] See ECF Document 13 Amended Complaint, Paragraphs 9, 10, 14, &15.

Dated this 23rd of September, 2022.

                                        Respectfully submitted,


                              _/s/ K. Michael Sturgill_____
                              K. Michael Sturgill
                              State Bar No. 24075588

                              Sapp & Sturgill, PLLC
                              209 W 2nd St. #245
                              Fort Worth, Texas 76102
                              Telephone: 214-504-6318



                    CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served on all counsel of record via the
Court's ECF system this 23rd day of September, 2022.

                              /s/ K. Michael Sturgill