IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOSEPH CASTILLO, | § § | |
| *Plaintiff,* | § § § | SA-22-CV-00301-FB |
| vs. | § § | |
| RAFAEL PAREDES SANCHEZ, AND PATRICIA OLGA VALDEZ, | § § § § | |
| *Defendants.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Frederick Biery:**

This Report and Recommendation concerns Defendants Rafael Paredes Sanchez and Patricia Olga Valez's Motion to Dismiss [#12]. By their motion, Defendants ask the Court to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a response in opposition to the motion [#13]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C [#6]. The undersigned has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Defendants' motion be **DENIED.**

**I. Background**

Plaintiff Joseph Castillo filed this action against Defendants Rafael Paredes Sanchez and Patricia Olga Valdez, seeking declaratory and injunctive relief, attorney's fees, litigation expenses, and costs for alleged violations under Title III of the Americans with Disabilities Act ("ADA"), specifically, the failure to remove architectural barriers as required by 42 U.S.C. §

1

12182(b)(2)(A)(iv).  Defendants moved to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Rule 12(b)(1) and Rule (12)(b)(6), arguing Plaintiff lacked standing and failed to state a claim upon which relief may be granted.  In response, Plaintiff filed an Amended Complaint, containing additional factual allegations.  Defendants have again moved to dismiss Plaintiff's Title III claims under Rules 12(b)(1) and 12(b)(6), arguing that Plaintiff's amendments do not save the claims from dismissal.  The motion is ripe for review.

## II.  Legal Standards

Motions filed under Rule 12(b)(1) allow a party to challenge the subject-matter jurisdiction of the district court to hear a case.  *See* Fed. R. Civ. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Where a motion to dismiss for lack of jurisdiction is limited to a facial attack on the pleadings, as here, it is subject to the same standard as a motion brought under Rule 12(b)(6).  *See Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).  Under that standard, the party seeking the federal forum bears the burden to prove that the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Physician Hosps. of Am. v. Sebelius*, 691 F.3d 649, 652 (5th Cir. 2012) (citing *Ramming*, 668 F.3d at 161).  Determining plausibility is a "context specific task" requiring application of "judicial experience and common sense" to ascertain whether the facts pleaded permit the court to make "a reasonable inference that the defendant is liable for the misconduct alleged."  *Ghedi v. Mayorkas*, 16 F.4th 456, 463 (5th Cir. 2021) (citing *Iqbal*, 556 U.S. at 678–79).  On review of the motion, this Court must accept "all well-pleaded facts as true, viewing them in the light most

favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *O'Rourke v. United States*, 298 F. Supp. 2d 531, 534 (E.D. Tex. 2004) (applying the Rule 12(b)(6) standard to Rule 12(b)(1) motion). "A claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief." *Lane*, 529 F.3d at 557; *see also Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

### III.  Allegations in Plaintiff's Amended Complaint

The Court accepts the following facts as true for purposes of ruling on Defendants' motions:  Plaintiff is a Texas resident with physical disabilities who is substantially limited in his ability to walk and stand and uses a wheelchair for mobility purposes. (Am. Compl. [#11], at ¶¶ 3–6.) Plaintiff self-identifies in his pleadings as an "independent advocate of the rights of similarly situated disabled persons" and as an ADA "tester," whose purpose is to monitor, determine, and ensure "whether places of public accommodation are in compliance with the ADA." (*Id.* at ¶ 7.) According to Plaintiff's Amended Complaint, he attempted to patronize the property owned, leased, or operated by the Defendants: a "Shopping Center" located at 1407 Bandera Road in San Antonio, Texas, on or about November of 2021, and again on or about August 2022, but was unable to do so because he again encountered the same barriers to entry. (*Id.* at ¶¶ 10–12.)

Specifically, Plaintiff alleges the following violations of the ADA and its implementing regulations, the ADA's Accessibility Guidelines: three parking violations, three ramp violations, and a failure to maintain the accessible features. (*Id.* at ¶¶ 29(a)-(i).) Plaintiff alleges these violations prevented him from accessing the property and that discovery may reveal additional ADA violations. (*Id.* at ¶¶ 24, 25, 29, 30.) Further, Plaintiff claims that he lives within thirty

miles of the Shopping Center, that it is located on a "thoroughfare that he frequents routinely," and that "he is routinely where the Subject Property is located and travels in and about the immediate area of the Subject Property numerous times every month, if not every week." (*Id.* at ¶ 13.)

## IV.  Analysis

Defendants move to dismiss Plaintiff's complaint, arguing (1) that Plaintiff, a tester, lacks standing under Fifth Circuit law, and (2) that Plaintiff has failed to plead sufficient facts to support a claim.  Neither argument has merit, and Defendants' motion should be denied.

**A.**   **Standing**

The Court should find that Plaintiff has pleaded sufficient facts to establish standing.  To have subject matter jurisdiction in federal court, a plaintiff must have Article III standing to bring the claim.  *Abraugh v. Altimus*, 26 F.4th 298, 303 (5th Cir. 2022).  To establish standing, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, (3) that is likely to be redressed by a favorable judicial decision.  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  "To establish an injury in fact, the plaintiff must "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 339 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 504, 560 (1992)).  In the context of the ADA, Article III requires that the plaintiff, in addition to establishing a violation of Title III, show "some concrete interest that is affected by the deprivation" of their statutory right.  *Laufer v. Mann Hosp., L.L.C*. 996 F.3d 269, 272 (5th Cir. 2021) (quoting *Lee v. Verizon Commc'ns, Inc*., 837 F.3d 523, 529 (5th Cir. 2016)).

Defendants contend the Fifth Circuit's decision in *Laufer* forecloses "tester" standing based solely on a plaintiff's interest in enforcing the ADA for the public good. They argue that Plaintiff—indisputably a tester—therefore lacks standing. More specifically, Defendants contend that Plaintiff has failed to plead an "injury in fact" sufficient to confer Plaintiff standing because Plaintiff is a tester who "has not plausibly alleged any other injury" and has failed to plead a continuing or threatened future injury. Yet *Laufer* is distinguishable from this case, and Plaintiff has sufficiently pled facts supporting an injury in fact to survive a motion to dismiss for lack of standing.

Tester standing has been long established. *See id.* at 273 (citing seminal tester case *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982)). And *Laufer* does not stand for the proposition that **all** ADA testers lack standing. *Laufer* merely confirmed that ADA testers, like any plaintiff, must plausibly plead an injury in fact, and that absent a concrete and particularized injury, testers lack standing to bring suit in federal court. *Id*.

In *Laufer*, the plaintiff sued a Texas hotel, alleging that the online booking system used by the hotel failed to identify ADA accessible rooms that would accommodate her disability. *Id.* at 271. Yet, the plaintiff, a Florida resident, did not claim to have ever traveled to Texas or to have any definite plans to do so. *Id.* The plaintiff did not claim that she attempted to book a room or even intended to do so, merely expressing a "general intent to visit the area someday" after "the Covid crisis is over." *Id.* at 272. Furthermore, her "someday" plans did not even necessarily involve the specific inn sued. *Id.* The Fifth Circuit found this hypothetical injury Laufer shared with all similarly disabled persons insufficient to meet the Article III standing requirement that an injury be sufficiently concrete and particularized. The pleadings did not indicate that the plaintiff had tried or intended to patronize the Texas hotel property, and she

failed to establish that the online reservation service's failure to identify rooms accessible to disabled persons had "some relevance to her." *Id.* at 273 (internal quotation and citation omitted).

The nature of Plaintiff's injury differs substantially from that of the plaintiff in *Laufer*. Unlike the plaintiff in *Laufer*, Plaintiff has plausibly alleged facts sufficient to show a concrete and particularized injury to himself. Critically, *Laufer* dealt with an *informational* injury, and the panel held that a third-party booking website's failure to advertise an inn's accessibility information did not have "some relevance to [Laufer]" specifically sufficient to establish a personal, concrete interest because she had no "concrete plans" to visit the inn. *Id.* The situation here is different. Plaintiff's live pleadings repeatedly and consistently identify Plaintiff as both an independent advocate for the disabled, *i.e.,* a tester, and as a patron of Defendant's establishment. (Am. Compl. [#11], at ¶¶ 7, 10–11, 18, 24.) Plaintiff does not merely allege a generic informational injury encountered while surfing the web for noncompliance from the comfort of plaintiff's home. Instead, Plaintiff alleges an actual injury: lack of physical access to a place of public accommodation on account of disability. Plaintiff lives within thirty miles of the Shopping Center, has visited the property twice, first on or about November of 2021, and again on or about August 2022, and intends to return to the property not only as a tester, but as a patron. (*Id*. at ¶¶ 13, 15, 17–18.) Seeking to patronize the property by accessing its goods, services, facilities, privileges, advantages and/or accommodations therein is a concrete interest, and it is an interest that is particularized to Plaintiff. (*Id*. at ¶ 24.)

Defendants argue that Plaintiff did not actually return to the property and that the allegation Plaintiff visited Defendants' property as a patron is not "plausible on its face" and lacks "sufficient specificity to raise a right to relief above the speculative level." But the very

6

allegations that Defendant calls insufficient—that Plaintiff lives within 30 miles of the property and is near the property "numerous times every month"—support the plausibility of Plaintiff's claim that he visited the property and was denied access to services in which he had a personal interest in violation of Title III.  Defendant's assertion that Plaintiff must explain why he would drive up to thirty miles to shop at the store is not supported in law binding upon this Court.  To survive a motion to dismiss, a plaintiff need only plead factual allegations that raise the right to relief above speculation, "on the assumption that all allegations in the complaint are true (even if doubtful in fact)."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Twombly,* 550 U.S. at 555).

Defendants' argument that there is not "an imminent future injury that would support injunctive relief" is also unavailing.  In support of this argument, Defendants rely upon *Strojnik v. Teof Hotel GP, LLC*, No. 3:19-CV-01336-E, 2020 WL 5211063 (N.D. Tex. Aug. 31, 2020), and *Deutsch v. Annis Enterprises, Inc.*, 882 F.3d 169 (5th Cir. 2018).  Both these cases are distinguishable for similar reasons.  In both cases, the plaintiffs expressed no concrete plans to visit the allegedly noncompliant properties in the future.  In *Deutsch*, the plaintiff did not allege he would ever return to the property at issue.  882 F.3d at 174.  In *Strojnik*, the plaintiff lived hundreds of miles from the subject property, had never been to the property, and did not plead whether he frequented the area near the property.  2020 WL 5211063, at *4.  But here, Plaintiff has already returned and encountered the same barriers and vowed to return again as a patron within six months of the filing of his Amended Complaint.  (Am. Compl. at ¶ 11, 15, 16, 17). Because Plaintiff has plausibly alleged architectural barriers in violation of Title III prevented him from accessing Defendants' property, and an injunction issued by this Court would redress his injury, Plaintiff has standing to bring this claim.

**B.      Failure to State a Claim**

The Court should find Plaintiff pleaded sufficient facts to state a claim under Title III. Title III prohibits discrimination on the basis of disability in "the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). To state a claim under § 12182(a), Plaintiff must therefore plead that (1) he has a disability as defined under the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the defendants discriminated against the plaintiff within the meaning of the ADA. *Hernandez v. Roche*, EP-20-CV-00263-DCG, 2022 WL 4072963, at *3 (W.D. Tex. Sept. 2, 2022).[1] Failure to remove architectural barriers that are structural in nature "where such removal is readily achievable" is one such form of discrimination. *Spector v. Norwegian Cruise Line Ltd.*, 545 U.S. 119, 125 (2005) (quoting 42 U.S.C. §§ 12182(b)(2)(A)(iv), 12184(b)(2)(C)). Removal is readily achievable if it can be easily accomplished without much difficulty or expense. 42 U.S.C. § 12181(9).

Defendants cannot seriously dispute the first two elements. The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities" such as "walking" or "standing." *Id.* at § 12102. Plaintiff adequately alleges that he is disabled and covered under the act, as he alleges use of a wheelchair for mobility. (Am. Compl. ¶¶ 4, 5, 60). The Court should reject Defendants' argument that Plaintiff fails to sufficiently allege how and why a wheelchair is *required* for his mobility. Additionally, the Shopping Center owned by

---

[1] The Fifth Circuit has not directly articulated the elements of a Title III claim, but other circuits consistently recognize these elements. *See, e.g.*, *Kooster v. Young Men's Christian Ass'n of Greater St. Louis*, 855 F.3d 908, 910 (8th Cir. 2017); *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Dudley v. Hannaford Bros. Co.*, 333 F.3d 299, 307 (1st Cir. 2003).

Defendants is covered under the Act as an enumerated place of public accommodation. 42 U.S.C. § 12181(7)(E) (listing shopping centers as public accommodations for purposes of the statute).

As to the third element, Defendants argue that Plaintiff fails to allege how the identified architectural barriers "affect him" and has not alleged sufficient facts as to how remediating the alleged barriers is "readily achievable" and how they "might be removed." The undersigned disagrees. Plaintiff's Amended Complaint specifically identifies the architectural barriers at issue, and these allegations are sufficient to plead a plausible right to relief under the ADA. Plaintiff alleges that Defendants' wheelchair-accessible parking spaces and accessible aisles are not level in all directions and have areas of uneven, broken, and cracked pavement, making it dangerous for Plaintiff to utilize the parking area. (Am. Compl. [#11], at 9.) Additionally, Plaintiff pleads that the paint delineating the accessible parking spaces and aisles is not being maintained, and the signage for accessible parking spaces is not compliant with governing standards. (*Id.*) Plaintiff further complains that the entrance ramp to the subject property as lacks a level top landing area and that it exceeds the maximum slope requirement under the governing regulations. (*Id.* at 10.) At the pleading stage, Plaintiff's assertion that he encountered these barriers and could not in his wheelchair safely patronize Defendants' establishment is sufficient.

As to the removal of architectural barriers, the Court should find that Plaintiff has adequately pleaded facts regarding the removal of the architectural barriers at issue. Plaintiff alleges that removal and modification of the barriers "is readily achievable and can be accomplished and carried out without significant difficulty or expense" because of "the site conditions . . . structural design . . . and straightforward nature of the necessary modifications,"

9

and the "relative low cost of the necessary modifications." (*Id.* at ¶¶ 34–35, 36, 38.) Plaintiff also alleges that "Defendants have the financial resources to make the modifications," and may even receive a tax credit or tax deduction under IRS Code Sections 44 and 190 for doing so. (*Id.* at ¶¶ 37, 38.) At this stage of litigation, Plaintiff has alleged a plausible set of facts regarding the achievability of the removal of the identified architectural barriers. Because Plaintiff has stated a plausible violation of Title III, Defendants' motion to dismiss should be denied.

## V.  Conclusion and Recommendation

Having considered Defendants' motion, the response thereto, the pleadings, and the governing law, the undersigned recommends that Defendants Rafael Paredes Sanchez and Patricia Olga Valdez's Motion to Dismiss [#12] be **DENIED**.

## VI.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985);

*Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

    SIGNED this 6th day of December, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE